UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICARDO SANCHEZ, JR.,<br><br>          Plaintiff,<br><br>     v.<br><br>DEPARTMENT OF JUSTICE et al.,<br><br>          Defendants. | Civil Action No. 25-1976 (AHA) |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND**
**<u>MEMORANDUM IN SUPPORT THEREOF</u>**

**TABLE OF CONTENTS**

Table of Contents ................................................................................................................. i

Table of Authorities ............................................................................................................ ii

Introduction ......................................................................................................................... 1

Background .......................................................................................................................... 2

Legal Standard .................................................................................................................... 2

Argument ............................................................................................................................. 3

    I.      Defendants Properly Issued a Glomar Response Under FOIA Exemption 6. ........ 5

    II.     Defendants Properly Issued a Glomar Response Under FOIA Exemption 7. ........ 7

Conclusion ........................................................................................................................ 11

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Amuso v. Dep't of Just.*,
  600 F. Supp. 2d 78 (D.D.C. 2009) ........................................................................... 9
*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ................................................................................................ 2
*Blanton v. Dep't of Just.*,
  63 F. Supp. 2d 35 (D.D.C. 1999) ........................................................................ 7, 8
*Boyd v. Crim. Div. of Dep't of Just.*,
  475 F.3d 381 (D.C. Cir. 2007) ........................................................................... 8, 10
*Brayton v. Off. of U.S. Trade,*
  *Rep.*, 641 F.3d 521 (D.C. Cir. 2011) ..................................................................... 2
*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ................................................................................................ 2
*Citizens for Resp. & Ethics in Wash v. Dep't of Lab.*,
  478 F. Supp. 2d 77 (D.D.C. 2007) ......................................................................... 3
*Consumers' Checkbook Ctr. for the Study of Servs. v. Dep't of Health & Hum. Servs.*,
  554 F.3d 1046 (D.C. Cir. 2009) ......................................................................... 6, 10
*Customs & Border Prot. v Abramson*,
  456 U.S. 615 (1982) ................................................................................................ 7
*Davis v. Dep't of Just.*,
  968 F.2d 1276 (D.C. Cir. 1992) .............................................................................. 8
*Dep't of Just. v. Reps. Comm. for Freedom of Press*,
  489 U.S. 749 (1989) .......................................................................................... 6, 8, 9
*Dep't of State v. Wash. Post Co.*,
  456 U.S. 595 (1982) ............................................................................................ 5, 6
*Gardels v. CIA*,
  689 F.2d 1100 (D.C. Cir. 1982) .............................................................................. 3
*Keys v. Dep't of Just.*,
  830 F. 2d 337 (D.C. Cir. 1987) .............................................................................. 7
*Larson v. Dep't of State*,
  565 F.3d 857 (D.C. Cir. 2009) ............................................................................... 3
*Lepelletier v. FDIC*,
  164 F.3d 37 (D.C. Cir. 1999) ................................................................................. 5
*McCutchen v. Dep't of Health & Hum. Servs.*,
  30 F.3d 183 (D.C. Cir. 1994) ................................................................................. 7
*McGehee v. CIA*,
  697 F.2d 1095 (D.C. Cir. 1983) ............................................................................. 3
*Media Rsch. Ctr. v. Dep't of Just.*,
  818 F. Supp. 2d 131 (D.D.C. 2011) ..................................................................... 2, 3
*Mil. Audit Project v. Casey*,
  656 F.2d 724 (D.C. Cir. 1981) ............................................................................... 3

*Multi Ag Media LLC v. Dep't of Agric.*,
  515 F.3d 1224 (D.C. Cir. 2008) ................................................................................................ 5
*Nat'l Archives & Records Admin. (NARA) v Favish*,
  541 U.S.157 (2004) ............................................................................................................... 8,9
*Nation Magazine v. Customs Serv.*,
  71 F.3d 885 (D.C. Cir. 1995) ................................................................................................... 8
*Nat'l Ass'n of Home Builders v. Norton*,
  309 F.3d 26 (D.C. Cir. 2002) ................................................................................................... 5
*Nat'l Ass'n of Retired Fed. Employees v. Horner*,
  879 F.2d 873 (D.C. Cir. 1989) ................................................................................................. 5
*People for the Am. Way Found. v. Nat'l Park Serv.*,
  503 F. Supp. 2d 284 (D.D.C. 2007) ........................................................................................ 10
*People for the Ethical Treatment of Animals v. Nat'l Insts. of Health*,
  745 F.3d 535 (D.C. Cir. 2014) ................................................................................................. 4
*Phillippi v. CIA*,
  546 F.2d 1009 (D.C. Cir. 1976) ............................................................................................... 4
*Pratt v. Webster*,
  673 F.2d 408 (D.C. Cir. 1982) ................................................................................................. 7
*Quinon v. Customs & Border Prot.*,
  86 F.3d 1222 (D.C. Cir. 1996) ................................................................................................. 7
*Roth v. Dep't of Just.*,
  642 F.3d 1161 (D.C. Cir. 2011) ............................................................................................... 10
*SafeCard Servs., Inc. v. SEC*,
  926 F.2d 1197 (D.C. Cir. 1991) ............................................................................................. 3,8
*Scales v. Exec. Off. of U.S. Atty's*,
  594 F. Supp. 2d 87 (D.D.C. 2009) ........................................................................................... 4
*Sea Shepherd Conservation Soc'y v. IRS*,
  208 F. Supp. 3d 58 (D.D.C. 2016) ........................................................................................... 3
*Smith v. CIA*,
  246 F. Supp. 3d 117 (D.D.C. 2017) ......................................................................................... 5
*Spirko v. Postal Serv.*,
  147 F.3d 992 (D.C. Cir. 1998) ................................................................................................. 9
*Williams & Connolly v. SEC*,
  662 F.3d 1240 (D.C. Cir. 2011) ............................................................................................... 10
*Willis v. Dep't of Just.*,
  581 F. Supp. 2d 57 (D.D.C. 2008) ........................................................................................... 7
*Wolf v. CIA*,
  473 F.3d 370 (D.C. Cir. 2007) .............................................................................................. 3, 4

**Statutes**

5 U.S.C. § 552(b)(7) ..................................................................................................................... 7
5 U.S.C. § 552(b)(7)(C) ............................................................................................................. 5, 7
5 U.S.C. § 552(b)(6) .................................................................................................................. 4, 5

**Rules**

Fed. R. Civ. P. 56(a) ......................................................................................................... 2

The Department of Justice, Federal Bureau of Investigation ("FBI"), Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and Drug Enforcement Administration ("DEA"), (collectively "Defendants") , through the undersigned counsel, respectfully move for summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56 in this Freedom of Information Act ("FOIA") case filed by plaintiff, Ricardo Sanchez , Jr., ("Plaintiff").

## INTRODUCTION

This case involves multiple FOIA requests that Plaintiff submitted through his counsel to the FBI, ATF, and DEA. On March 5, 2009, a jury found  Plaintiff guilty of drug trafficking, use of a firearm in relation to a drug trafficking crime, and the murder of the Escobedo family— mother, father, and two small children. *See* Verdict-Defendant Ricardo Sanchez, JR. (ECF No. 796), *United States v. Varela et al.*, Crim. No. 06-80171 (S.D. Fla.). Plaintiff's death sentence was commuted to life imprisonment. *See* Execute Grant of Clemency, Dec, 23, 2024, https://www.justice.gov/pardon/media/1382291/dl?inline. Plaintiff's FOIA requests sought records to help Plaintiff overturn his criminal conviction. *See* Compl. (ECF No. 1) ¶¶ 12-14; *see also Sanchez v. United States*, Civ. Act. No. 16-80693 (S.D. Fla.). Having been denied his request for excessive discovery in his post-conviction proceedings, Plaintiff intends to use FOIA to obtain records to support his post-conviction proceedings. *See* Pl.'s Pre-Mot. Stmt. (ECF No. 21) at 2; *see also* Order Administratively Closing Case, ECF No. 118, *Sanchez v. United States*, Civ. Act. No. 16-80693 (S.D. Fla.)

FOIA, however, is not a substitute for discovery. Moreover, Plaintiff's FOIA requests sought law enforcement records related to third-party individuals but failed to include a privacy waiver or proof of death for the individuals listed in his FOIA requests. Plaintiff's FOIA requests also failed to identify a public interest that could override any individual's privacy interest in the records Plaintiff sought. Simply put, you cannot just give a federal agency someone's name, date

of birth, or phone number and expect full access to records. The declaration of Christina L. Driver, Acting Chief of the FBI's Record/Information Dissemination Section, establishes that the FBI properly issued a Glomar response to Plaintiff's FOIA request under Exemptions 6 and 7(C). Likewise, the declaration of Hirsh D. Kravitz, Chief of ATF's Information and Privacy Governance Division, confirms that ATF declined to confirm or deny the existence of third-party records pursuant to Exemptions 6 and 7(C). Finally, the declaration of Angela C. Davis, Unit Chief of DEA's Freedom of Information/Privacy Act Unit, demonstrates that DEA issued the same response under Exemption 7(C).

## BACKGROUND

The factual and procedural background is fully set forth in Defendants' Statement of Material Facts Not in Genuine Dispute and in the Declarations filed herewith, which are incorporated herein by reference.

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings and evidence "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the party moving for summary judgment to demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. A genuine issue is one that "might affect the outcome of the suit under the governing law." *Liberty Lobby*, 477 U.S. at 248. Once the moving party has met its burden, the nonmoving party "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.*

"[T]he vast majority of FOIA cases can be resolved on summary judgment[.]" *Brayton v. Off. of U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011); *see also Media Rsch. Ctr. v. Dep't of*

*Just.*, 818 F. Supp. 2d 131, 136 (D.D.C. 2011) ("FOIA cases typically and appropriately are decided on motions for summary judgment."). A government agency may obtain summary judgment in a FOIA case by relying on "relatively detailed" and "nonconclusory" declarations. *McGehee v. CIA*, 697 F.2d 1095, 1102 (D.C. Cir. 1983). "[T]he Court may award summary judgment solely on the basis of information provided by the department or agency in declarations when the declarations describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" *Citizens for Resp. & Ethics in Wash. ("CREW") v. Dep't of Lab.*, 478 F. Supp. 2d 77, 80 (D.D.C. 2007) (quoting *Mil. Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981)). "[A]n agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" *Media Rsch*, 818 F. Supp. 2d at 137 (quoting *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009)).

Courts give agency declarations "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation omitted).

## ARGUMENT

A *Glomar* response allows the Government to "refuse to confirm or deny the existence of records where to answer the FOIA inquiry would cause harm cognizable under an FOIA exception." *Wolf v. CIA*, 473 F.3d 370, 374 (D.C. Cir. 2007) (quoting *Gardels v. CIA*, 689 F.2d 1100, 1103 (D.C. Cir. 1982)); *accord Sea Shepherd Conservation Soc'y v. IRS*, 208 F. Supp. 3d 58, 89 (D.D.C. 2016) ("The Glomar doctrine applies when confirming or denying the existence of records would itself cause harm cognizable under a FOIA exception."). The Court should afford "substantial weight" to the agencies' determinations to assert *Glomar* responses. *Sea Shepherd*

- 3 -

*Conservation Society*, 208 F. Supp. 3d at 89. Summary judgment is appropriate when the asserting agencies put forth "affidavit[s] explaining in as much detail as is possible the basis for its claim that it can be required neither to confirm nor to deny the existence of the requested records." *Phillippi v. CIA*, 546 F.2d 1009, 1013 (D.C. Cir. 1976). Ultimately, the Government can establish the appropriateness of the *Glomar* response by demonstrating that it is "logical" or "plausible." *Wolf*, 473 F.3d at 375.

Courts in this district have upheld *Glomar* responses were, as here, confirming or denying the existence of such records would invade a third party's privacy interest. *See People for the Ethical Treatment of Animals v. Nat'l Insts. of Health*, 745 F.3d 535, 544 (D.C. Cir. 2014) (upholding agency's *Glomar* response as to any documents that would confirm the existence of an investigation regarding third-party individuals); *Scales v. Exec. Off. of U.S. Atty's*, 594 F. Supp. 2d 87, 91 (D.D.C. 2009) (granting summary judgment in favor of agency and deciding the agency's *Glomar* response was justified where plaintiff's sought law enforcement records concerning criminal activity of a third-party individual).

Here, Plaintiff sought all records "referencing, mentioning, or containing" the name of third party individuals. Driver Decl.¶ 5; Kravitz Decl. ¶ 1; Davis Decl. ¶ 9. Because Plaintiff failed to provide a waiver authorizing the release of information to Plaintiff, or proof of death, the FBI and ATF determined that the existence or non-existence of records is exempt from disclosure pursuant to FOIA Exemption 6, which exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6); *see also* Driver Decl. ¶ 6; Kravitz Decl. ¶ 2. Each Defendant also determined the existence or non-existence of records is also exempt from disclosure pursuant to FOIA Exemption 7(C), which exempts from disclosure "records or information compiled for law

enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C); *see also* Driver Decl. ¶ 6; Kravitz Decl. ¶ 2; Davis Decl. ¶ 10.

## I.    <u>Defendants Properly Issued a Glomar Response Under FOIA Exemption 6.</u>

Exemption 6 exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). It "requires a court to 'pursue two lines of inquiry,' first determining whether the records at issues are personnel, medical, or similar files, and then determining whether their disclosure would 'constitute a clearly invasion of personal privacy,' which requires balancing 'the privacy interest that would be compromised by disclosure against any public interest in the requested information.'" *Smith v. CIA*, 246 F. Supp. 3d 117, 128 (D.D.C. 2017) (quoting *Multi Ag Media LLC v. Dep't of Agric.*, 515 F.3d 1224, 1228 (D.C. Cir. 2008)). "The Supreme Court has stated that the term 'similar files' is to be construed broadly, and includes any 'disclosure of information which applies to a particular individual.'" *Id.* (quoting *Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 600 (1982)).

If the threshold requirement of "personnel and medical files and similar files" is met, the Court must weigh the "privacy interest in non-disclosure against the public interest in the release of the records in order to determine whether, on balance, the disclosure would work a clearly unwarranted invasion of personal privacy." *Lepelletier v. FDIC*, 164 F.3d 37, 47 (D.C. Cir. 1999). If the requesting party cannot demonstrate a public interest in disclosure, then the court will not order disclosure, because "something, even a modest privacy interest, outweighs nothing every time." *Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989). Thus, "unless a FOIA request advances 'the citizens' right to be informed about what their government is up to,' no relevant public interest is at issue." *Nat'l Ass'n of Home Builders v.*

- 5 -

*Norton*, 309 F.3d 26, 34 (D.C. Cir. 2002) (quoting *Dep't of Just. v. Reps. Comm. for Freedom of Press*, 489 U.S. 749, 773 (1989)).  Absent a public interest of the sort FOIA was intended to serve, the Court's inquiry ends, and the exemption must be upheld.  *Consumers' Checkbook Ctr. for the Study of Servs. v. Dep't of Health & Hum. Servs.*, 554 F.3d 1046, 1056 (D.C. Cir. 2009) ("[W]e need not balance the non-existent public interest against every physician's substantial privacy interest in the Medicare payments he receives.").

The first inquiry, whether the existence or non-existence of records would constitute a clear invasion of personnel privacy is clearly met in this case. Exemption 6 is broad and "intended to cover detailed Government records on an individual which can be identified as applying to that individual." *Dep't of State v. Wash. Post Co.,* 456 U.S. 595, 602, (1982) (quoting H.R. Rep. No. 89-1497, at 11 (1966)). Plaintiff's requests listed third party individuals and confirming or denying the existence or non-existence of any records would undoubtedly identify and connect the subject of the request to a government record. *See* Kravitz Decl. ¶ 6 (explaining government records containing third-party personal information including address, dates of birth, driver's license numbers, state identification numbers, social security numbers are protected from disclosure).  The Defendants properly determined that this would constitute a clearly unwarranted invasion of personal privacy. *See* Driver Decl. ¶ 17 n.3; *see also* Kravitz Decl. ¶¶ 6, 9. Further, association with law enforcement records "can engender comment, speculation, or harassment; can be embarrassing and stigmatizing; and can, in some circumstances, result in physical harm or threats of harm or death." Driver Decl. ¶ 24.

Plaintiff's FOIA request did not provide any information regarding the second inquiry, a public interest in the disclosure of the information sought that would outweigh any of the individuals' privacy interest. Plaintiff is expected to refer to his interest in overturning his criminal

conviction but "it is well established that an individual's personal interest in challenging his criminal conviction is not a public interest under FOIA because it reveals little or nothing about an agency's own conduct." *Willis v. Dep't of Just.*, 581 F. Supp. 2d 57, 76 (D.D.C. 2008).

For these reasons, the FBI and ATF properly issued *Glomar* responses pursuant to Exemption 6 and summary judgment should be entered in their favor.

## II.    Defendants Properly Issued a Glomar Response Under FOIA Exemption 7.

FOIA Exemption 7 protects from mandatory disclosure "records or information compiled for law enforcement purposes," to the extent that disclosure could result in one of the six harms enumerated in subparts (A) through (F) of the exemption. 5 U.S.C. § 552(b)(7). As such, judicial review of an agency's withholding under FOIA Exemption 7 "requires a two-part inquiry." *Customs & Border Prot. v. Abramson*, 456 U.S. 615, 622 (1982). First, the relevant information must have been "compiled for law enforcement purposes." *Abramson*, 456 U.S. at 622; *see Quinon v. Customs & Border Prot.*, 86 F.3d 1222, 1228 (D.C. Cir. 1996). A record is compiled for law enforcement purposes if: (1) the activity that gives rise to the documents is related to the enforcement of federal laws or the maintenance of national security; and (2) the nexus between the activity and one of the agency's law enforcement duties is based on information sufficient to support at least a "colorable claim" of its rationality. *See Keys v. Dep't of Just.*, 830 F. 2d 337, 340 (D.C. Cir. 1987); *Pratt v. Webster*, 673 F.2d 408, 420–21 (D.C. Cir. 1982); *Blanton v. Dep't of Just.*, 63 F. Supp. 2d 35, 44 (D.D.C. 1999).

Under FOIA Exemption 7(C), assuming information was compiled for law enforcement purposes, then it must be determined if disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Like FOIA Exemption 6, Exemption 7(C) "call[s] for a balancing of the privacy interests that would be compromised by disclosure against the public interest in release of the requested information." *McCutchen v. Dep't*

*of Health & Hum. Servs.*, 30 F.3d 183, 185 (D.C. Cir. 1994); *Davis v. Dep't of Just.*, 968 F.2d 1276, 1281 (D.C. Cir. 1992); *Reps. Comm.*, 489 U.S. at 776–780.  "Exemption 7(C)'s privacy language is broader than [that of] . . . Exemption 6 in two respects.  First, whereas Exemption 6 requires that the invasion of privacy be 'clearly unwarranted,' the adverb 'clearly' is omitted from Exemption 7(C) . . . .  Second, whereas Exemption 6 refers to disclosures that 'would constitute' an invasion of privacy, Exemption 7(C) encompasses any disclosure that 'could reasonably be expected to constitute' such an invasion."  *Reps. Comm.*, 489 U.S. at 756 (quoting 5 U.S.C. §§ 552(b)(6), (7)(C)).

   "In order to trigger the balancing of public interests against private interests, a FOIA requestor must (1) 'show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake,' and (2) 'show the information is likely to advance that interest."  *Boyd v. Crim. Div. of Dep't of Just.*, 475 F.3d 381, 387 (D.C. Cir. 2007) (citing *Nat'l Archives & Records Admin. (NARA) v. Favish*, 541 U.S. 157, 172 (2004)).  Courts have construed the public interest component narrowly, noting that the public interest "must be assessed in light of FOIA's central purpose," and that purpose "is not fostered by disclosure about private individuals that is accumulated in various government files but that reveals little or nothing about an agency's conduct."  *Nation Magazine v. Customs Serv.*, 71 F.3d 885, 894 (D.C. Cir. 1995) (quotation marks and citation omitted).  "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'"  *Davis*, 968 F.2d at 1282 (quoting *Reporters Comm*, 489 U.S. at 773).  Details that "reveal little or nothing about an agency's own conduct" are not part of the public interest for purposes of Exemption 7(C).  *Blanton v. Dep't of Just.*, 63 F. Supp. 2d 35, 41 (D.D.C. 1999) (quoting *Davis*, 968 F.2d at 1282); *cf. SafeCard Servs. Inc.*, 926 F.2d at 1206 (public interest

in disclosure of third party identities is "insubstantial").  In the absence of any evidence that the government agency has engaged in illegal activity, information that interferes with a third party's privacy is exempt from disclosure.  *Spirko v. Postal Serv.*, 147 F.3d 992, 999 (D.C. Cir. 1998).

Here, Plaintiff's FOIA requests clearly sought records compiled for law enforcement purposes. Plaintiff's requests sought all records referencing, mentioning, or containing the name, or phone numbers of third party individuals from the FBI, ATF, and DEA. The FBI is the primary investigative agency of the federal government, and any records should they exist would be compiled in connection with the FBI's investigatory duty. *See* Driver Decl. ¶ 20.  For ATF, "any records that might be responsive to Plaintiff's request were compiled for law enforcement purposes because ATF is a criminal and regulatory enforcement agency within the Department of Justice responsible for, among other things, enforcing federal firearms laws." Kravitz Decl. ¶ 8. Likewise, "DEA's law enforcement mission includes enforcing the controlled substance laws and regulations of the United States," which includes "criminal investigations to assist prosecutions of organizations and principal members of organizations involved in the growing, manufacture, or distribution of controlled substances appearing in or destined for illicit traffic in the United States." Davis Decl. ¶ 5. The Defendants comfortably meet the threshold requirement for Exemption 7.

Importantly, "[t]he privacy interest at stake belongs to the individual, not the agency." *Amuso v. Dep't of Just.*, 600 F. Supp. 2d 78, 93 (D.D.C. 2009); *accord  Reps. Comm.*, 489 U.S. at 763–65.  And "the concept of personal privacy . . . is not some limited or 'cramped notion' of that idea," *NARA v. Favish*, 541 U.S. 157, 165–70 (2004) (construing analogous Exemption 7(C)), but rather is grounded in "both the common law and the literal understandings of privacy [that] encompass the individual's control of information concerning his or her person." *Reps. Comm.*, 489 U.S. at 763.  An individual's privacy interest "is not limited to [personal information] of an

embarrassing or intimate nature." *People for the Am. Way Found. v. Nat'l Park Serv.*, 503 F. Supp. 2d 284, 304 (D.D.C. 2007). Under FOIA, any personal privacy interest greater than *de minimis* is "substantial." *Consumers' Checkbook*, 554 F.3d at 1050.

Merely acknowledging the existence of records compiled for law enforcement purposes connected to a third party would invade the third party's privacy interests by associating that individual with a criminal investigation. *Roth v. Dep't of Just.*, 642 F.3d 1161, 1178 (D.C. Cir. 2011). Each defendant made this determination. *See* Driver Decl. ¶ 19, 28; Kravitz Decl. ¶ 9; Davis Decl. ¶ 17. Defendants also considered the foreseeable harm that disclosure could wreak on those individuals. *See* Driver Decl. ¶ 28 (noting "Official confirmation could reasonably be expected to draw negative and unwanted attention to these individuals; could subject them to harassing inquiries, and otherwise stigmatize and adversely affect them."); *see also* Davis Decl. ¶ 20 (explaining "disclosure could subject those individuals to embarrassment, harassment, stigma, unwanted public attention, or reputational harm.").

Plaintiff's FOIA requests failed to present any public interest that could overcome the individual privacy interest at stake in this litigation. Plaintiff does not allege the government engaged in illegal activity that would interfere with the third-party individual's privacy interest. *See generally* Compl. Plaintiff is expected to refer to his discovery disputes in the related criminal investigation or posts conviction proceeding to challenge the Defendants invocation of Exemption 7(C). But Plaintiff must point to evidence of alleged illegal activity and cannot rely on mere speculation. Significantly, courts have determined FOIA is not a substitute for discovery in criminal cases. *See Williams & Connolly v. SEC* 662 F.3d 1240, 1245 (D.C. Cir. 2011) (citing *Roth*, 642 F.3d at1177 and *Boyd*, 475 F.3d at 390).

At bottom, Defendants' *Glomar* responses to Plaintiff's FOIA requests pursuant to Exemption 7(C) were proper.

## CONCLUSION

For these reasons, summary judgment should be entered in favor of the Defendants.

Dated: July 30, 2026                    Respectfully submitted,

                                        JEANINE FERRIS PIRRO
                                        United States Attorney


                                        By:        */s/ Kimberly Stratton*
                                            KIMBERLY STRATTON, P.A. Bar
                                            #327725
                                            Assistant United States Attorney
                                            601 D Street, NW
                                            Washington, DC 20530
                                            (202) 417-4216
                                            kimberly.stratton@usdoj.gov

                                        *Attorneys for the United States of America*

- 11 -

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICARDO SANCHEZ, JR.,

      Plaintiff,

    v.

DEPARTMENT OF JUSTICE et al.,

      Defendants.

Civil Action No. 25-1976 (AHA)

## [PROPOSED] ORDER

UPON CONSIDERATION of Defendants' motion for summary judgment, Plaintiff's cross motion for summary judgment and Defendants' opposition thereto, and the entire record herein, it is hereby

ORDERED that Defendants' motion is GRANTED;

ORDERED that Plaintiff's motion is DENIED; it is further

ORDERED that judgment as a matter of law is ENTERED for Defendants.

SO ORDERED:

_____
Date

_____
AMIR H. ALI
United States District Judge