**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| RICARDO SANCHEZ, JR.,<br><br>                    Plaintiff,<br><br>          v.<br><br>UNITED STATES DEPARTMENT OF<br>JUSTICE,<br><br>                    Defendant. | Civil Action No.: 25-CV-01976 (AHA) |

## DECLARATION OF ANGELA C. DAVIS

I, Angela C. Davis, hereby make the following declaration under penalty of perjury pursuant to 28 U.S.C. § 1746.

1. I am currently the Unit Chief of the Freedom of Information/Privacy Act Unit ("FOIA/PA Unit") of the United States Department of Justice ("DOJ"), Drug Enforcement Administration ("DEA"), located at DEA's Headquarters in Arlington, Virginia. I have served in this capacity since July 2024. Previously, I served as a Supervisory Government Information Specialist at another federal agency from April 2020 to July 2024, where I served as the first-line supervisor for all FOIA Specialists, administrative professionals, and other personnel within the FOIA Office, and oversaw the lifecycle of each FOIA request directed at the agency.

2. As part of my duties at DEA, I oversee the processing of certain requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act ("PA"), 5 U.S.C. § 552a (cited together as "FOIA/PA"). Due to my experience and the nature of my position, I

1

am familiar with the policies and practices of DEA related to the searching, processing, and disclosure of DEA information pursuant to the FOIA/PA.

3. I am familiar with the subject matter in the above titled action, specifically the assertion of any federal exemptions asserted by DEA.

4. The statements set forth herein are true and correct to the best of my belief and based on my personal knowledge as well as the information provided to me while performing my official duties.

## DEA'S LAW ENFORCEMENT MISSION

5. DEA's law enforcement mission includes enforcing the controlled substance laws and regulations of the United States. DEA's investigative jurisdiction derives from the Controlled Substances Act, 21 U.S.C. § 801, et seq. ("the CSA" or "the Act"). The CSA authorizes the DEA to enforce the Act through the investigation of trafficking in controlled substances and the violators who operate at interstate and international levels. This mission involves conducting criminal investigations to assist prosecutions of organizations and principal members of organizations involved in the growing, manufacture, or distribution of controlled substances appearing in or destined for illicit traffic in the United States. DEA also prevents, detects, and investigates the diversion of controlled pharmaceuticals and listed chemicals from legitimate sources while ensuring an adequate and uninterrupted supply for legitimate medical, commercial, and scientific needs.

6. As a law enforcement agency, DEA works to ensure information in its possession about third party individuals is not used to subject these third-party individuals to an unwarranted invasion of personal privacy pursuant to the Freedom of Information Act. 5 U.S.C. 552(b)(7)(C).

2

7. This declaration is submitted to provide additional facts supporting the DEA's use of FOIA Exemption 7(C) and to expand upon the representations DEA made in its preliminary statement previously filed with the court on April 13, 2026. This declaration will describe why the third-party law enforcement records were protected from disclosure, why the records withheld in full could not be reasonably segregated, and why no reasonably segregable nonexempt information can be released without causing the privacy harm protected by Exemption 7(C).

8. This declaration also provides additional facts supporting DEA's alternative position that a Glomar response would be appropriate under Exemption 7(C), because confirming or denying the existence of law enforcement records concerning the named third parties would itself implicate substantial personal privacy interest.

## ADMINISTRATIVE HISTORY

9. In a letter dated September 29, 2023, Plaintiff Ricardo Sanchez's attorneys ("Plaintiff"), Mary Kincaid and Luke Ihnen, Assistant Federal Defenders from the Capital Habeas Unit of Federal Defender Services of Eastern Tennessee, Inc., submitted a Freedom of Information Act (FOIA) request on the plaintiff's behalf via electronic submission (Exhibit A). DEA assigned the Plaintiff's request number 23-01177-F. The request sought "all records, including but not limited to, agency or investigative reports, emails, text messages, phone records, and/or photographic and video evidence, referencing, mentioning, or containing" the following names[1]:

---

[1] This chart is also contained in Exhibit A. The chart is included in the Declaration's body for the Court's convenience.

*All records, including but not limited to, agency or investigative reports, emails, text messages, phone records, and/or photographic and video evidence, referencing, mentioning, or containing the name:*

| Name | Date of Birth | Social Security Number |
|---|---|---|
| Juana Beltran | ██████████ | N/A |
| Cecilio Beltran | | ████████ |
| Juana Caro | | N/A |
| Yvette Cibrian | | ████████ |
| Victor Cortinas | | |
| Edgar Beltran | | |
| Hugo Flores | | |
| Carlos Garcia | N/A | N/A |
| Anna Hernandez | ██████ | ██████ |
| Jose Candelario Beltran | ████ | ██████ |
| Jose Manuel Escobedo; Manuel Escobedo; Jose Escobedo | ████ (44 y/o) | N/A |
| Gus Martin | N/A | N/A |
| Andre Molina | ██████ | N/A |
| Ralph Varela | ██████ | ██████ |
| Demetrio Roman-Salgado aka Luis Daniel Pineda | ████████ | ██████████ |
| Juan Carlos Santos | ██████ | ██████ |
| Martin Sosa; Martin Soto | N/A | N/A |
| Danny Varela | ██████ | ██████ |
| Oscar Venegas; Oscar Flores-Venegas; Oscar Venegas aka Muneo; Muneco; Doll | N/A | N/A |
| Kevin Vetere | | ██████ |
| Brando Weisman | | ██████ |
| Monica Perez | ██████ | N/A |
| Daniel Juarbe | ██████ | ██████ |

*All records, including but not limited to, agency or investigative reports, emails, text messages, phone records, and/or photographic and video evidence, referencing, mentioning, or containing the phone number:*

| Phone Number | | |
|---|---|---|
| 315-502-2413 | | |
| 786-547-1996 | | |
| 561-283-5444 | | |
| 561-797-8595 | | |
| 956-346-2874 | | |
| 561-891-1220 | | |
| 386-785-5684 | | |
| 786-853-8416 | | |
| 956-243-7313 | | |
| 561-531-3094 | | |
| 561-853-8492 | | |
| 561-502-2413 | | |

10. On December 31, 2023, DEA sent a determination letter regarding the Plaintiff's FOIA appeal to his attorneys. (Exhibit B). Because the Plaintiff did not produce any documentation demonstrating proof of death (a copy of a death certificate or obituary), failed to produce a DOJ 361, which gives consent to obtain the records of a third party, or provide an overriding public interest, DEA did not conduct a search and denied the Plaintiff's FOIA request in full. DEA made this decision after determining that releasing any information to the extent that the records exist would constitute an unwarranted invasion of personal privacy pursuant to FOIA Exemption (7)(C).

11. On January 19, 2024, Plaintiff timely appealed DEA's determination to the Department of Justice Office of Information Policy (OIP). (Exhibit C). Plaintiff was assigned Appeal Number 24-00033-AP. Plaintiff's attorney argued that DEA did not adequately disclose the records the Plaintiff sought because the information "may contain" exculpatory information.

12. Plaintiff also argued that agency did not demonstrate that the records being withheld were compiled for law enforcement purposes.

13. In its initial determination, DEA asserted that disclosing the requested information would constitute an unwarranted invasion of personal privacy. Without stating how disclosing the information the Plaintiff sought could serve individuals other than the Plaintiff, Plaintiff's attorney argued in Plaintiff's appeal that the public interest outweighs the privacy interests. Plaintiff's attorney further argued that privacy interests were reduced because information "related to" the FOIA request was in the public domain. Plaintiff's attorney did not cite information published by DEA.

14. On September 10, 2024, OIP sent a determination letter to Plaintiff (Exhibit D). OIP affirmed DEA's decision on partially modified grounds.

15. OIP's determination letter held that if the records sought exist, releasing the records would constitute an unwarranted invasion of personal privacy. OIP also held that DEA was not required to conduct a search because disclosing records, to the extent that they exist, including law enforcement records, would constitute an unwarranted invasion of personal privacy. OIP also held that Plaintiff's attorney did not support the contention that the information sought contained exculpatory material as exculpatory material should have been disclosed in discovery during the criminal trial.

16. Once litigation commenced, DEA conducted a limited records inquiry at its Houston Field Division that was undertaken for purposes of clarifying the factual circumstances relevant to DEA's litigation position. This inquiry used personally identifiable information provided by the plaintiff. It was not intended to constitute, and DEA does not characterize it as a comprehensive search for all records potentially responsive to plaintiff's request.

17. The limited check did not alter DEA's determination that disclosure of law enforcement information concerning the third parties implicated by Plaintiff's request would constitute an unwarranted invasion of personal privacy. DEA continues to rely on Exemption 7(C) as the basis for withholding the requested third-party information. This Court was informed of DEA's inquiry on April 13, 2026

## APPLICATION OF EXEMPTION 7(C)

18. The information at issue was compiled for law-enforcement purposes and concerns identifiable third parties. Disclosure of such information would showcase these third parties'

alleged conduct, relationships, activities, or interactions with law-enforcement personnel. The individuals identified in the requested information retain substantial privacy interest in avoiding such disclosure

19. DEA determined that no reasonably segregable nonexempt information could be released. The identifying and investigative information concerning third parties is inextricably intertwined with the substance and context of the records sought. Releasing isolated portions would either directly reveal protected personal information or provide sufficient context from which the identities, involvement, or law enforcement associations of the individuals could reasonably be inferred. Accordingly, no meaningful nonexempt information can be segregated and released.

20. DEA reasonably foresees that disclosure of the withheld information would harm the privacy interest protected by Exemption 7(C). Disclosure would publicly associate identifiable third parties with federal law-enforcement activity and reveal, or permit others to infer, information concerning their alleged conduct, relationships, activities, or interactions with law enforcement. Such disclosure could subject those individuals to embarrassment, harassment, stigma, unwanted public attention, or reputational harm. Because the Plaintiff has not identified a significant countervailing public interest, DEA determined that disclosure would cause the precise privacy harm that Exemption 7(C) is intended to prevent.

**ALTERNATIVE GLOMAR APPLICATION EXEMPTION 7(C)**

21. Because the Court reviews DEA's withholdings determination de novo, DEA provides the following alternative grounds supporting its reliance on Exemption 7(C). DEA maintains that the requested third-party law enforcement information is categorically protected from disclosure. Alternatively, to the extent the Court concludes that DEA has not officially

acknowledged the existence or nonexistence of responsive records concerning the named third parties, DEA maintains that a Glomar response would be appropriate under Exemption 7(C).

22. Confirming or denying the existence of such records would itself reveal whether the named individuals have been associated with or were of investigative interest to DEA, thereby implicating substantial personal privacy interest, because Plaintiff has not demonstrated a countervailing public interest sufficient to outweigh that interest, DEA would be justified in neither confirming nor denying whether responsive records exist.

23. Plaintiffs have not provided the consent of named third-parties, proof of their deaths, or evidence of a significant public interest sufficient to outweigh their privacy interest. Accordingly, DEA would be justified in neither confirming nor denying the existence of such records.

24. The same foreseeable privacy harm would result from merely confirming or denying the existence of responsive records because either response would disclose information about whether the named individuals were associated with or of investigative interest to DEA.

I declare under penalty of perjury that foregoing is true and correct to the best of my knowledge and belief. Executed on:

_____

DATE

_____

Angela C. Davis
Unit Chief
Processing Sub-Unit
Freedom of Information & Privacy Act Unit
Drug Enforcement Administration

_____